**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

COREY D. STOGLIN,
              Appellant,

        v.

DEPARTMENT OF LABOR,
              Agency.

DOCKET NUMBER
CH-1221-19-0508-W-1

DATE: February 6, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Corey D. Stoglin, Minneapolis, Minnesota, pro se.

Edward V. Hartman, Esquire, Chicago, Illinois, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2     On February 28, 2020, the administrative judge issued an initial decision in which he found that, while he satisfied the exhaustion requirement regarding his IRA appeal, the appellant failed to nonfrivolously allege that he made any protected disclosures that may have contributed to a personnel action. Initial Appeal File, Tab 13, Initial Decision (ID) at 6-11. Accordingly, the administrative judge dismissed the appeal for lack of jurisdiction, ID at 2, 11, informing the parties that the initial decision would become the Board's final decision on April 3, 2020, unless either party filed a petition for review, ID at 11.

¶3     On April 10, 2020, the appellant filed a petition for review, 1 week late. Petition for Review (PFR) File, Tab 1. He claimed that he was attempting to work with an attorney who had requested documentation but that he had limited internet access from March 26-28, 2020, because he was on mandatory telework due to COVID-19, and also that he missed work from March 30-April 3, 2020, due to illness.[2] *Id.* at 4. The Clerk of the Board informed the appellant that his petition for review appeared to be untimely filed and instructed him to submit evidence and argument showing that the petition for review was timely filed or that good cause existed for the delay in filing. PFR File, Tab 2. In response, the appellant submitted a Motion to Accept Filing as Timely Filed and/or to Ask the Board to Waive or Set Aside the Time Limit in which he asserted that he was severely ill from a medical condition for which he had been treated for 2 years. PFR File, Tab 3. The appellant also submitted a memorandum from his doctor, who stated that the appellant was under his care, that he suffered from "medical illness" and was unable to work from March 30-April 3, 2020, and that he has

_____

[2] The appellant also asked that his case be joined with another of his cases, *Stoglin v. Department of Labor*, MSPB Docket No. CH-4324-19-0114-I-1, which was pending before the Board at the time. PFR File, Tab 1 at 4. Because the two cases involve different causes of action, and based on our disposition of this appeal, we deny the appellant's request for joinder. 5 C.F.R. § 1201.36(b).

now fully recovered. *Id.* at 6. The agency has responded in opposition to the petition for review. PFR File, Tab 4.

## ANALYSIS

¶4 The appellant bears the burden of proof by preponderant evidence regarding timeliness. 5 C.F.R. § 1201.56(b)(2)(i)(B). A petition for review must be filed within 35 days after issuance of the initial decision or, if a party shows that he received the ID more than 5 days after it was issued, within 30 days of receipt.[3] *Williams v. Office of Personnel Management*, 109 M.S.P.R. 237, ¶ 7 (2008); 5 C.F.R. 1201.114(e).

¶5 The Board will waive the time limit for filing a petition for review only upon a showing of good cause for the delay in filing. *Williams*, 109 M.S.P.R. 237, ¶ 7; 5 C.F.R. § 1201.114(g). To establish good cause for the untimely filing of an appeal, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶6 To establish that an untimely filing was the result of an illness, the party must: (1) identify the time period during which he suffered from the illness; (2) submit medical evidence showing that he suffered from the alleged illness

---

[3] The appellant raises no such claim regarding receipt.

during that time period; and (3) explain how the illness prevented him from timely filing his appeal or a request for an extension of time. *Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998). To establish good cause for waiver of the Board's filing deadline based on physical or mental illness, there is no general incapacitation requirement; rather, the appellant is required only to explain why his alleged illness impaired his ability to meet the Board's filing deadline or seek an extension of time. *Id.* at 437 n.*.

¶7        Here, although the appellant is proceeding pro se, the length of the delay, 1 week, is not insignificant. *Gonzalez v. Department of Veterans Affairs*, 111 M.S.P.R. 697, ¶ 11 (2009) (holding than an 8-day delay in filing a petition for review is not minimal). To the extent the appellant suggests that his efforts to secure attorney representation toward the end of the filing period were thwarted by his limited internet access, such a claim does not constitute good cause for his untimely filing. *See Tamayo v. Office of Personnel Management*, 88 M.S.P.R. 685, ¶ 7 (2001) (stating that the inability to obtain a representative does not establish good cause for an untimely filing). The appellant bears the ultimate responsibility for pursuing his appeal. *Helmstetter v. Department of Homeland Security*, 106 M.S.P.R. 101, ¶ 13 (2007). Moreover, the appellant is responsible for the errors of his chosen representative. *Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981).

¶8        The appellant's assertion that he was unable to timely file his petition for review because of illness does not satisfy the *Lacy* standard. First, he claims only that he was sick from March 30 to April 3, 2020, PFR File, Tab 1, and his medical documentation only addresses that same time period, PFR File, Tab 3 at 6. However, the filing period ran from February 28 to April 3, 2020. Moreover, the appellant's medical documentation is otherwise insufficient to support his claimed inability because it fails to explain how his illness prevented him from timely filing his petition for review or requesting an extension of time

in which to do so. Moreover, the appellant has not explained why he did not more promptly file with the Board after April 3.

¶9 We find, therefore, that the appellant has failed to establish good cause for his untimely filing because he has not shown that he acted with due diligence or that there were circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune showing a causal relationship to his inability to timely file his petition. *Moorman*, 68 M.S.P.R. at 62-63.

¶10 Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding its lack of jurisdiction over the appellant's IRA appeal.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of <u>the date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                              /s/ for

_____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.